Case 2:08-cv-05741-AG-RNB   Document 3   Filed 09/17/08   Page 1 of 5   Page ID #:194

"O"


FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

SEP 17 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC PIERRE HALL,<br><br>    Petitioner,<br><br>vs.<br><br>J. NORWOOD, Warden, et al.,<br><br>    Respondents. | Case No. CV 08-5741-AG (RNB)<br><br>ORDER RE SUMMARY DISMISSAL OF ACTION FOR LACK OF JURISDICTION |

    Petitioner is a federal prisoner currently incarcerated at a federal prison in Adelanto, California, which is within the confines of this district. On December 5, 2007, he filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 in Central District of California Case No. CV 07-7906-AG (RNB). The Petition purported to be directed to a 1996 conviction sustained by petitioner in the United States District Court for the Western District of North Carolina. The gravamen of his claims was that, based on the Supreme Court's 2000 decision in <u>Jones v. United States</u>, 529 U.S. 848, 120 S. Ct. 1904, 146 L. Ed. 2d 902 (2000), his conviction and sentence for violating 18 U.S.C. § 844(i) were illegal. In <u>Jones</u>, 529 U.S. at 850-51, the Supreme Court held that an owner-occupied residence not used for any commercial purpose does not qualify as property "used in" commerce or commerce-affecting activity, and that arson of such a dwelling,

1

therefore, is not subject to federal prosecution under § 844(i). Petitioner was contending that, as a result of the Supreme Court's statutory interpretation of § 844(i) in <u>Jones</u>, he was "actually innocent" of a violation of that statute.

On January 3, 2008, Judgment was entered in Case No. CV 07-7906-AG (RNB) summarily dismissing the action. The basis for dismissal was the Court's conclusion that it lacked jurisdiction to consider petitioner's § 2241 petition. In reaching this conclusion, the Court adopted the reasoning of the Magistrate Judge that to the extent petitioner had been allowed to raise his <u>Jones</u> claim in connection with his first § 2255 motion,[1] it could not be said that the § 2255 remedy was either inadequate or ineffective to test the legality of petitioner's conviction under 18 U.S.C. § 844(i). In other words, petitioner's <u>Jones</u> claim did not qualify for the "savings clause" or "escape hatch" of § 2255. The Court also adopted the reasoning of the Magistrate Judge that, to the extent petitioner was not allowed to raise his <u>Jones</u> claim in connection with his first § 2255 motion, even if petitioner's <u>Jones</u> claim arguably could be raised in a § 2241 petition (as other circuit courts had held), his petition constituted a successive § 2241 petition barred by 28 U.S.C. § 2244(a).

On January 9, 2008, petitioner filed a timely Notice of Appeal from the

---

[1] On February 17, 1999, petitioner had filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in the District Court for the Western District of North Carolina. During the pendency of that motion, petitioner did attempt to raise a jurisdictional challenge to his conviction and sentence for violating 18 U.S.C. § 844(i), based on the Supreme Court's May 22, 2000 decision in <u>Jones</u>. The Government's position was that <u>Jones</u> was not controlling because of the commercial activity conducted at the residence in question. Petitioner failed to address this contention in his reply. The District Court granted the Government's motion for summary judgment and dismissed petitioner's § 2255 motion on October 10, 2001, concluding <u>inter alia</u> that petitioner's claim that there was an insufficient nexus between interstate commerce and the residence involved in the firebombing charge under 18 U.S.C. § 844(i) had been rejected on direct appeal and therefore could not be relitigated in a § 2255 motion.

Judgment in Case No. CV 07-7906-AG (RNB). The Ninth Circuit subsequently directed that the Court either issue or decline to issue a Certificate of Appealability ("COA"). On April 11, 2008, the Court did issue an Order declining to issue a COA. Thereafter, the Court issued an Order denying petitioner's "Amended Notice of Appeal for Certificate of Appealability Denial," as well as an Order denying petitioner's "Motion to Stay or Recall Notice of Appeal to File Reconsideration Motion for (COA)." Petitioner's request for a COA currently is pending before the Ninth Circuit.

Petitioner now has purported to file another Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241. He claims that the Court incorrectly dismissed his prior § 2241 petition in Case No. CV 07-7906-AG (RNB) as being a successive petition barred by § 2244(a); and that, since his Jones claim was never determined on the merits in his prior § 2255 and § 2241 applications, his petition "may very well qualify as a 'first petition' under 2255." In addition, petitioner purports to be realleging some or all of the same substantive claims that he alleged in Case No. CV 07-7906-AG (RNB).

The Court already has declined to issue a COA in Case No. CV 07-7906-AG (RNB) based on its determination that petitioner failed to make the requisite showing that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling" – i.e., that it lacked jurisdiction to entertain his § 2241 petition in Case No. CV 07-7906-AG (RNB). Unless and until the Ninth Circuit overturns that procedural ruling, the Court will not reconsider it.

In accordance with the mandate of Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000), the Court now will turn to the issue of whether the newly-filed Petition constitutes a § 2241 petition or a disguised successive § 2255 motion. That issue turns on whether petitioner's remedies under § 2255 were inadequate or ineffective to test the legality of his detention. See Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008), pet. for cert. filed (June 18, 2008); Lorentsen v. Hood, 223 F.3d

3

|   |   |
|---|---|
| 1 | 950, 953 (9th Cir. 2000); Hernandez, 204 F.3d at 864-65. In the Court's view, |
| 2 | Harrison, which was decided subsequent to the entry of Judgment in Case No. CV 07- |
| 3 | 7906-AG (RNB), is dispositive of whether petitioner's Jones claim qualifies for the |
| 4 | "savings clause" or "escape hatch" of § 2255. There, the petitioner was contesting |
| 5 | the legality of his sentence in light of Jones, which had been decided after his |
| 6 | judgment of conviction had become final in 1989 upon the dismissal of his direct |
| 7 | appeal for failure to prosecute. The petitioner's first § 2255 motion had been denied |
| 8 | on procedural grounds. Like petitioner here, the petitioner was contending that, under |
| 9 | the Supreme Court's interpretation of § 844(i) in Jones, the conduct for which he was |
| 10 | convicted no longer violated the statute and he therefore was actually innocent. The |
| 11 | petitioner further was contending that he did not have "an unobstructed procedural |
| 12 | shot" at presenting his Jones claim. See Harrison, 519 F.3d at 955-57. In rejecting |
| 13 | this argument, the district court had held that the petitioner's procedural shot had not |
| 14 | been obstructed because he could have raised the argument that the government failed |
| 15 | to prove the interstate commerce element of § 844(i) on direct appeal. The Ninth |
| 16 | Circuit agreed with the district court. It rejected the petitioner's contention that the |
| 17 | legal basis for his claim did not arise until Jones was decided in 2000; rather, it found |
| 18 | that Jones did not effect a material change in the applicable law since its statutory |
| 19 | construction did not materially vary from the Supreme Court's statutory construction |
| 20 | of the interstate commerce element of § 844(i) in Russell v. United States, 471 U.S. |
| 21 | 858, 105 S. Ct. 2455, 85 L. Ed. 2d 829 (1985). Accordingly, the Ninth Circuit held |
| 22 | that the petitioner had not established that his petition was a legitimate § 2241 |
| 23 | petition brought pursuant to the escape hatch of § 2255, but rather the petition had to |
| 24 | be characterized as a disguised § 2255 motion. It therefore affirmed the decision of |
| 25 | the district court dismissing the § 2241 petition for lack of jurisdiction. See Harrison, |
| 26 | 519 F.3d at 959-62. |
| 27 |      Here, as in Harrison, petitioner's judgment of conviction became final after the |
| 28 | Russell decision. Moreover, here, petitioner *did* argue on direct appeal that there was |

an insufficient nexus between interstate commerce and the private residence he was convicted of firebombing. See United States v. Hall, 1997 WL 712885, at *2 (4th Cir. Nov. 17, 1997). Accordingly, under Harrison, the Court is compelled to conclude that petitioner has not established that the Petition is a legitimate § 2241 petition brought pursuant to the escape hatch of § 2255. Rather, the Petition can only be construed as a disguised successive § 2255 motion for which petitioner needed authorization from the Fourth Circuit in order to proceed (see 28 U.S.C. § 2255(h)) and which could only be filed in the Western District of North Carolina (see Hernandez, 204 F.3d at 864).

It therefore is ordered that this action is summarily dismissed for lack of jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: SEPT 15, 2008

ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

Presented by:

Robert N. Block
United States Magistrate Judge